UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEPHAN RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 15-2537-JDT-cgc |
| | ) |
| DR. WEBB, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 12, 2015, Plaintiff Stephan Richardson ("Richardson"), who is presently incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued August 13, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On July 6, 2016, the Court, *inter alia*, dismissed Richardson's complaint and granted leave to amend. (ECF No. 18.) Richardson filed a third amended complaint on July 29, 2016. (ECF No. 19.)[1] The third amended

---

[1] Richardson also filed another motion for leave to proceed *in forma pauperis*. (ECF No. 20.) That motion is DENIED as moot, as Richardson has already been granted pauper status.

complaint deletes any claims against Defendants Dr. First Name Unknown ("FNU") Watson and Ms. FNU Robertson.

## I. The Third Amended Complaint

Richardson's third amended complaint largely repeats the allegations included in his original and previous amended complaints. Richardson alleges that he was diagnosed at birth with "Severe Hemophilia A" and that the Defendants have violated his rights resulting in physical pain and suffering as well as emotional distress. (ECF No. 19 at 5.) In an attached grievance Richardson states that Severe Hemophilia A is a condition where the blood does not clot; therefore, he is prescribed a clotting factor, Factor 8. (ECF No. 19-2, Ex. 1, Grievance #396177.) Richardson alleges that while in Jail he has not received his Factor 8 on several occasions, resulting in internal bleeding in his left forearm as well as physical and emotional pain and suffering. (ECF No. 19 at 5.)

On May 20, 2015, Richardson did not receive his Factor 8 treatment. (*Id.*) Richardson sent an electronic complaint to medical and received the treatment "days later." (*Id.*; *see also* ECF No. 19-2, Ex. 1.) Richardson further alleges that he did not receive his Factor 8 on either July 6, 2015 or July 8, 2015. (ECF No. 19 at 5.) Although he sent another electronic complaint to medical, he never received the treatment. (*Id.*; *see also* ECF No. 19-2, Ex. 1.)

On July 13, 2015, Richardson again did not receive his Factor 8 treatment. (ECF No. 19 at 5.) Richardson alleges that on July 14, 2015, he suffered internal bleeding in his left forearm due to the absence of clotting factor in his system, which caused "extreme physical pain and suffering as well as emotional distress." (*Id.*; *see also* ECF

No. 19-2, Ex. 1.) Richardson includes the Sheriff's Office response to his grievance, in which it is stated that Richardson refused medication on May 6, 13, and 27, 2015, but that he did miss his Factor 8 on July 6, 8, and 13. (ECF No. 19-3, Ex. 2.) The response further states that Richardson was not given his Factor 8 "due to medication ordering status pending in our computer system." (*Id.*) Presumably, this means that either the medication had been ordered but not yet received or had yet to be ordered.

Richardson alleges that between November 15, 2015 and November 21, 2015, he was supposed to receive his Factor 8 twice, but only received it once, on November 19, 2015. (ECF No. 19 at 5.) He was also supposed to receive the medication twice between November 23, 2015 and November 29, 2015, but did not receive it at all. (*Id.*) Richardson filed another grievance for the week of November 15, 2015 and November 23, 2015; however, he never received the Factor 8. (*Id.*; *see also* ECF No. 10-1, Grievance #402334.) In response to that grievance, the Sheriff's Office stated that "[m]edical and transportation will work together very closely to see to it that you do not miss any of your future factor 8 treatments as your well-being is very important to us." (ECF No. 10-1 at 2.)

Richardson contends that after each missed prescribed treatment, he filed complaints with medical; however, he was still denied or delayed treatment several times. (ECF No. 19 at 6.) Richardson further alleges that Defendant Webb prescribed Tramadol for pain, due to the internal bleeding in his forearm. (*Id.*)

Richardson alleges that Defendants Webb, Swift and Echols had knowledge of his diagnosis and the seriousness of his condition, that they were notified several times that

3

Richardson was not consistently receiving his Factor 8 and yet did nothing to ensure proper treatment, and that they knew of and disregarded an excessive risk to Richardson's health. (*Id.*) The aforementioned Defendants are being sued for malpractice and negligence and for deliberate indifference in violation of his constitutional rights. (*Id.* at 7.) Additionally, Richardson alleges that his injuries are due to a policy or custom of Defendants Shelby County and CCS. (*Id.* at 9-10.) He also alleges that Shelby County and CCS failed to train and that Defendants Webb, Swift, and Echols failed to supervise, knowingly acquiescing in the allegedly unconstitutional behavior of their subordinates. (*Id.* at 11.) Richardson seeks declaratory relief and both punitive and compensatory damages. (ECF No. 19-1 at 1-2.)

## II. Analysis

The legal standards for assessing whether a complaint states a claim on which relief may be granted and the basic elements required to state a claim under 42 U.S.C. § 1983 were set forth in the Court's order of July 6, 2016, and will not be reiterated here.

For the reasons stated in the prior order of dismissal, the third amended complaint still fails to state a claim against either Shelby County or CCS. While Richardson ostensibly alleges that his injury was due to a policy or custom of these Defendants (ECF No. 19 at 9-10), what he actually alleges is that his injuries are due to the Defendants' *failure* to follow their established policies. He does not allege that the policies themselves are unconstitutional. In addition, Richardson's conclusory allegation that Shelby County and CCS are liable for failure to train does not state a claim. He does not

explain what training was allegedly necessary or how that lack of training allegedly caused his injuries.

As stated in the July 6 order, Richardson's claim for inadequate medical care is analyzed under the Eighth Amendment's deliberate indifference standard. *See Morabito v. Holmes*, 628 F. App'x 353, 356-58 (6th Cir. 2015) (applying objective reasonableness standard to pre-trial detainee's excessive force claims and deliberate indifference standard to claim for denial of medical care). In dismissing the original and previous amended complaints, the Court found that Richardson had failed to allege that any named Defendant disregarded an excessive risk to his health.

While the third amended complaint alleges that Defendants Swift and Echols were notified that there were ongoing issues with his medical treatment (ECF No. 19 at 6), Richardson does not specifically allege how and in what context these Defendants were made aware of the problem. He alleges only that he filed electronic complaints (*id.* at 5) and that he notified unidentified "medical staff" about the missed Factor 8 treatments (*id.* at 7). Instead, Defendants Swift and Echols appear to be sued merely as supervisors, as Richardson alleges they knowingly acquiesced in the behavior of their subordinates and "violat[ed] their statutory duty to inquire about such behavior and to be responsible for preventing it." (*Id.* at 11.)

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant,

5

through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Richardson's allegations regarding the supervisory liability of Defendants Swift and Echols are merely conclusory and are insufficient to state a claim on which relief may be granted.

With regard to Defendant Webb, the third amended complaint alleges that on July 15, 2015, he prescribed Tramadol for the pain from internal bleeding in Richardson's forearm after Richardson missed several Factor 8 treatments. (ECF No. 19 at 6; ECF No. 19-2, Ex. 1.) Thus, he was apparently aware of the missed treatments. However, in the Sheriff's Office response to Richardson's grievance #396177, it was indicated that the missed treatments in July were caused by a problem with ordering the medication. (ECF No. 19-3, Ex. 2.) Nothing in the amendment suggests that Defendant Webb was responsible for ensuring that Richardson's medication was ordered in a timely manner.

For all of the foregoing reasons, Richardson's third amended complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

III. Conclusion

The Court DISMISSES Richardson's third amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Richardson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Richardson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Richardson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other*

*grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Wilson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Richardson, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE